(C. D. 903)

REPUBLIC STEEL CORPORATION v. UNITED STATES

United States Customs Court, First Division

(Decided December 23, 1944)

*E. D. Howald* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale, Richard F. Weeks, Marcus Higgonbotham, Jr.*, and *Dorothy C. Bennett*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges; OLIVER, P. J., not participating

WALKER, Judge: This protest is against the action of the collector of customs at the port of Cleveland, Ohio, in refusing to pay drawback to the plaintiff under the provisions of section 313 of the Tariff Act of 1930 of 99 per centum of the duties paid on the importation of certain ferromanganese used in the manufacture in the United States of certain steel articles which were subsequently exported.

When the protest was called for trial counsel for the defendant moved to dismiss the same insofar as it relates to drawback entries Nos. 288, 308, 309, 313, 314, 327, 329, 381, 402, 403, 428, 455, and 457 on the ground that the protest was filed more than 60 days after the liquidation of such entries, and counsel for the plaintiff stated that he had checked the entries and found that the protest, insofar as it related thereto, was untimely. The motion to dismiss the protest insofar as it relates to those entries is accordingly granted.

As to the remaining drawback entries, Nos. 335, 401, 482, 483, 484, 485, 486, 488, and 13, motion was made by counsel for the defendant to dismiss the protest on the ground—

* * * that the drawback disclaimers on the exporting bills of lading were not in conformity with article 1098 of the Customs Regulations of 1937, as no power

of attorney or certified copy thereof was on file with the collector's office for this district for the person signing as attorney.

The Customs District referred to is No. 41, the headquarters port of which is Cleveland.

A third motion to dismiss the protest, insofar as it relates to claims under certain notices of intent covered by drawback entry No. 401 was made, but in view of the following situation it is unnecessary to consider the same.

Apparently because of the fact that the exportations covered by drawback entries 13, 401, 482, 484, 485, and 486 were made from the port of Baltimore, and it appears that there is no evidence that powers of attorney had been filed in connection therewith either at that port or at the port of Cleveland, and also apparently because there is no evidence of any existing power of attorney in connection with the shipment under drawback entry 455, plaintiff's counsel, in the brief filed in its behalf, has limited the issue to drawback entries 483 and 488, and the protest will be considered to have been abandoned as to the others enumerated; and to that extent is dismissed.

Article 1098, cited in the motion to dismiss referred to above, reads as follows:

Art. 1098. Signing of Documents—Powers of Attorney.—Powers of attorney, in accordance with Article 301, will be required from persons signing documents required by this chapter in all cases where such person is not a member of the firm or is not the importer, manufacturer, or exporter, as the case may be. A power of attorney will also be required where the person signing a document for a corporation is not the president, vice president, treasurer, or secretary of the corporation.

In connection with the situation in the case at bar we quote also the following portion of article 1063 (a) of the Customs Regulations of 1937:

Art. 1063. Bills of lading.—(a) At the time of filing, an entry for drawback shall be accompanied by a bill of lading issued by the proper representative of the exporting vessel, conveyance, or line, covering the merchandise described in the entry. *The bill of lading must in all cases show that the merchandise was shipped by or on account of the party making the drawback entry, or must bear an indorsement of the party in whose name or on whose account the merchandise was shipped, showing that the party making entry is authorized to make it and to receive the drawback.* * * *. [Italics added.]

The purpose behind these regulations is obvious. Drawback is payable to the exporter of the merchandise, or his agent or order, except where the manufacturer or producer of the articles exported has, on their sale or consignment, reserved to himself the right to claim drawback, this with the knowledge and consent of the exporter (Art. 1070, Customs Regulations of 1937). The exporters of the merchandise covered by the drawback entries here in question were various persons or corporations other than the corporation in behalf of which the drawback entries were filed, the Republic Steel Corporation.

The question presented is whether proper disclaimers were endorsed on the bills of lading "showing that the party making entry" was "authorized to make it and to receive the drawback."

On each of the bills of lading covering the exportations here in question there is an endorsement in the following language:

Republic Steel Corporation reserved the right to drawback at the time of sale covering the merchandise described herein and are authorized to make entry therefor and receive the drawback.

and, for example, in the case of Notice of Intent No. 11442 covered by Drawback Entry 483, the bill of lading lists the exporter as "D. F. Sallows, Agent," and the endorsement is signed as follows:

(Rubber stamp) D. F. SALLOWS, *Agent*
(signed in ink) RALPH J. SPECCE
*Atty.*

A photostatic copy of a power of attorney on customs Form 5291 was offered and received in evidence as part of collective exhibit 1 showing that under date of October 25, 1937, some time prior to the exportations in question, one D. F. Sallows, who described himself therein as "an individual doing business as Agent" gave a power of attorney to one Ralph J. Specce—

—as a true and lawful agent and attorney of the grantor named above for and in the name, place, and stead of said grantor from this date and *in Customs District No. 10,* and in no other name, to * * * endorse, sign * * * any * * * bill of lading, or other document required by law or regulation in connection with the * * * exportation of any merchandise shipped by * * * * said grantor; to perform any condition or act that may be required by law, or regulation in connection with said merchandise * * *. [Italics added.]

It appears that the original of the foregoing was filed in the office of the collector of customs at New York, the headquarters port for Customs District No. 10, but no copy of this power of attorney was filed in Collection District No. 41, nor was any other power of attorney given by Mr. Sallows to Mr. Specce filed there.

As we understand the situation, there is no question raised as to whether or not drawback was payable, that is to say, the facts of importation, manufacture, and exportation are not in controversy. The question at issue is whether the Republic Steel Corporation, which filed the drawback entry and claimed the refund established its right so to do.

A careful examination of article 1098, *supra,* shows that it did not in *specific terms* require, in the case of drawback documents signed by persons other than the exporter, that the power of attorney be filed *in the collector's office in the district in which drawback was claimed.* It merely states that in such cases powers of attorney, "in accordance with Article 301, will be required." Of course, common sense would dictate that such a power should be filed with the collector liable to pay drawback, for that collector would not know in such cases the

proper party to whom he should pay drawback unless he had something before him to establish the authority of the party signing the disclaimer.

The power of attorney heretofore quoted in part seems to have been made out in accordance with article 301 and is on customs Form 5291 prescribed therein for powers of attorney for individuals. As has been noted, it is limited to acts "in Customs District No. 10."

For the plaintiff it is argued that these words limit the geographic area in which the acts of the agent or attorney may take place, but do not limit the scope of such acts to District No. 10 transactions, while for the defendant it is argued that these words are intended to limit the scope of the acts which may be performed by the agent to transactions in customs matters pertaining to District No. 10. We think the latter is the correct interpretation to place upon the words.

In article 301 (h) of the Customs Regulations of 1937 provision was made as follows:

When a power of attorney which is not limited to acts transacted at a specified port has been filed, and it is desired to use it at another port, the collector at the port where it is filed will, upon request of the collector at the other port, or upon request from the person, firm, or corporation executing the same, forward a certified copy thereof. If the power be given by a corporation, the collector at the port where it is filed will state that there is on file in his office the evidence of authority above required. Any expense in connection with the preparation of such documents will be borne by the parties in interest.

From the foregoing, it will be observed that the regulations recognized two classes of powers, viz, those limited to acts transacted at a specified port, and those not so limited. Since provision was made for the forwarding of certified copies in the case of the unlimited, or second class, powers, it would appear to follow that the first class, those limited to transactions at a specified port, could not be applied elsewhere than at the port or customs district named therein. In other words, the power of the agent in such cases did not extend to matters concerning any other district or port than the one named in the power.

The forms used in executing the powers of attorney here involved were customs forms, presumably issued in accordance with the regulations, and were of the type limited to acts transacted at a specified customs district, viz, Customs District No. 10.

The attempted disclaimers herein were matters involving Customs District No. 41. We hold that they were not valid disclaimers for such purpose, and the collector was therefore justified in refusing to pay drawback to the plaintiff herein.

For the reasons hereinbefore stated, the protest is dismissed as to all the drawback entries involved, and judgment will issue accordingly.